The UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AKAI KIIZBAEV,

        Petitioner,                  Case No. 1:26-cv-362

v.                                        Honorable Jane M. Beckering

ROBERT LYNCH et al.,

        Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

**I.**        **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or, in the alternative, provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.16.)

In an Order entered on February 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response on February 11, 2026, (ECF No. 7), and Petitioner filed his reply on February 16, 2026, (ECF No. 8). Based upon the documents submitted by the parties, the Court ordered Respondents to provide a copy of the transcript or audio recording of the November 20, 2025, hearing before the immigration judge, which Respondents provided on March 5, 2026. (ECF No. 11.)

**II.     Factual Background**

Petitioner is a native and citizen of Kyrgyzstan. (Pet., ECF No. 1, PageID.2; Notice to Appear (NTA), ECF No. 7-1, PageID.51.) On June 21, 2012, Petitioner was admitted to the United States as a "nonimmigrant exchange visitor" sponsored by the Center for Cultural Exchange in Chicago, Illinois, with authorization to remain in the United States for a temporary period. (NTA, ECF No 7-1, PageID.51.) Petitioner remained in the United States beyond the time authorized. (*Id.*)

On January 10, 2023, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under Section 237(a)(1)(B) of the Immigration and Nationality Act (INA) because Petitioner is a nonimmigrant who "remained in the United States for a time longer than permitted." (*Id.*) Petitioner subsequently applied for asylum. (Pet., ECF No. 1, PageID.2.)

On July 12, 2024, an immigration judge denied Petitioner's application for asylum and ordered Petitioner removed to Kyrgyzstan. (Order of Removal, ECF No. 7-2, PageID.57.) Petitioner filed an appeal of that decision (Filing Receipt for Appeal, ECF No. 1-7, PageID.26; Resp., ECF No. 7, PageID.39), which remains pending (Audio Recording of November 20, 2025, Hearing, 2:25–3:14).

On November 2, 2025, ICE agents arrested Petitioner and transferred Petitioner to the North Lake Processing Center for detention. (Pet., ECF No. 1, PageID.2–3.) On November 20, 2025, a hearing was held on Petitioner's request for a custody redetermination. (Order of the Immigration Judge, ECF No. 1-8, PageID.27; Audio Recording of November 20, 2025, Hearing, 2:25–3:14.) Following the presentation of the evidence, the immigration judge asked counsel for the Government "the basis for [her] belief that [Petitioner] is not eligible for bond." (*Id.,* 2:25–2:30.) Counsel responded with a citation to "241(a)(2) . . . [which] talks about detention during the removal period." (*Id.*, 2:30–2:40.) Petitioner's counsel replied that Petitioner was still waiting for the decision from the BIA on appeal of the order of removal (*id.*, 2:50–3:00); however, the immigration judge explained that, "without any sort of decision regarding the eligibility for bond at this point in time, the Court has to deny [Petitioner's] request for a bond redetermination." (*Id.*, 3:00–3:13.) The November 20, 2025, order of the immigration judge states only that Petitioner "is ineligible for bond." (*Id.*)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

**V.    Discussion**

The parties agree that Petitioner is subject to detention under § 1226(a) and is, therefore, entitled to a custody redetermination hearing. Petitioner claims that his bond hearing was "constitutionally defective," (Pet., ECF No. 1, PageID.1–2), while Respondents contend that "Petitioner requested and received a custody determination hearing, which the immigration court denied after full consideration of the evidence presented" (Resp., ECF No. 7, PageID.45). However, the evidence before the Court demonstrates that Petitioner did not receive the custody determination to which he was entitled.

The November 20, 2025, order of the immigration judge does not indicate the reason for denying Petitioner's request for bond. Instead, it states only that Petitioner "is ineligible for bond." (Order of the Immigration Judge, ECF No. 1-8, PageID.27.) However, the recording of the bond hearing indicates that the immigration judge relied upon the representations by the Government, in finding Petitioner ineligible for bond under 8 U.S.C. § 1231(a)(2)(A). (Audio Recording of November 20, 2025, Hearing, 2:25–3:14.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). However, for purposes of this case, the "removal period" does not begin until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(b). And, for purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Here, Petitioner's appeal of the order of removal remains pending. Therefore, Petitioner is not properly subject to mandatory detention under § 1231(a)(2)(A).

Respondents do not in fact contend that Petitioner is subject to a final order of removal and, with it, mandatory detention under 8 U.S.C. § 1231(a)(2)(A); they agree that Petitioner was detained under § 1226(a). (Resp., ECF No. 7, PageID.44–45.) Therefore, Petitioner is entitled to a custody redetermination hearing under § 1226(a) in accordance with the due process protections set forth in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026).

## VI. Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases:

5

*Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director, the Acting Director of ICE, and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General as a Respondent.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if

7

bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Further, the Court will dismiss the United States Attorney General as a Respondent.

Dated:    March 11, 2026                             /s/ Jane M. Beckering
                                                                                  Jane M. Beckering
                                                                                   United States District Judge